UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>PRITHVIRAJ, LLC,<br><br>  Defendant. | No. 2:15-cv-00257 JAM CKD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Before the court is plaintiff Scott Johnson's motion for default judgment against defendant Prithviraj, LLC. (ECF No. 8.) Defendant failed to file an opposition to the motion for default judgment in accordance with Local Rule 230(c). Accordingly, the hearing on the motion set for May 30, 2018 was vacated and defendant was given additional time to respond to the motion. (ECF No. 9.) Defendant was advised that failure to timely respond would result in a recommendation that default be entered against it. (Id.) To date, defendant has not responded.

The undersigned has fully considered the briefs and record in this case and, good cause appearing, THE COURT FINDS AS FOLLOWS:

////

////

///

1

I. BACKGROUND

Plaintiff initiated this action on January 30, 2015, alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (ECF No. 1.) Plaintiff is a level C-5 quadriplegic who cannot walk, has significant manual dexterity impairments, and uses a wheelchair and a specially-equipped van. (Id., ¶ 1.) He alleges that defendant is a California Limited Liability Company and the real property owner, business operator, lessor and/or lessee of the Town House Motel, located at 1604 N. Wilson Way ("the Property") in Stockton, California.[1] (Id., ¶ 2.)

Plaintiff alleges that, although parking is provided to patrons at the Town House Motel, "there is not a single functioning and compliant handicap parking space," as the spaces and signage have deteriorated, and there are no signs threatening fines or towing for parking in a handicap spot. (Id., ¶ 8.) There is no access aisle adjacent to either of the parking spaces marked as reserved for persons with disabilities. (Id.) "Non-disabled persons can park in the supposedly handicap parking space or area where an aisle should exist with impunity." (Id.)

Plaintiff alleges that the transaction counter at the Town House Motel is 44 inches in height, with no lowered, 36-inch portion of the counter for use by persons in wheelchairs. (Id., ¶ 9.) At the entrance to the business office, there is a buzzer mounted 55 inches above the ground, used to signal for assistance. (Id., ¶ 10.) Plaintiff tried but could not reach the buzzer. (Id.) The door to the business office is "a traditional knob that requires tight grasping or twisting of the wrist to operate." (Id., ¶ 11.) "On information and belief, none of the guest rooms are fully accessible to wheelchair users either." (Id., ¶ 12.)

Plaintiff alleges that he

> frequents the Stockton area on a constant and ongoing basis. He has shopped, stayed, eaten and otherwise visited Stockton on scores and scores of occasions over the last two years and will continue to do so in the future. He would have liked to stay at the Town House Motel

---

[1] In support of the motion, plaintiff's attorney declares that, based on a public records search, the Center for Disability Access "determined, to the best of our knowledge, that defendant Prithviraj, LLC owns the real property located at or about 1604 N. Wilson Way, Stockton, California, that is the subject of this lawsuit on the date complained of by plaintiff." (Decl. of Mark Potter, ECF No. 8-4 at 3.)

2

> on a half dozen occasions from September of 2014 to the present but has been deterred from his knowledge of the barriers. In November 2014, on more than one occasion, plaintiff could not reach the buzzer so he knocked on the office door but could not signal for any assistance.[2]
>
> In encountering and dealing with the lack of accessible facilities, the plaintiff experienced difficulty and discomfort and embarrassment. This violation denied plaintiff full and equal access to facilities, privileges and accommodations offered by defendants.

Id., ¶¶ 13-14.

Plaintiff maintains that defendant has the means and ability to remove these barriers to access. (Id., ¶ 15.) Plaintiff's complaint seeks injunctive relief; statutory damages; and attorneys' fees and costs. (Id. at 9-10.) Defendant was properly served with process in February 2015. (ECF No. 4.) Defendant failed to appear, plead, or answer the complaint, and plaintiff moved for entry of judgment. (ECF No. 5.) The Clerk entered default against defendant on April 8, 2015. (ECF No. 6.) Thereafter, plaintiff brought the pending motion for default judgment, seeking injunctive relief for removal of unlawful architectural barriers pursuant to the ADA; statutory damages pursuant to California's Unruh Civil Rights Act; and attorneys' fees and costs pursuant to the ADA and California's Unruh Civil Rights Act. (ECF No. 8.)

II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of

---

[2] In his motion, plaintiff avers that he visited the Town House Motel a total of eight times in September, October, and November 2014. (ECF No. 8-1 at 5.)

3

> plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

III. DISCUSSION

    A. Appropriateness of the Entry of Default Judgment Under the Eitel Factors

        1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

/////

## 2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

### a. ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Furthermore, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

Here, plaintiff's complaint alleges that: (1) he is disabled; (2) defendant owned real property at 1604 N. Wilson Way in Stockton, California, where the Town House Motel, a place

of public accommodation, was located; (3) plaintiff was denied full and equal access to the Property's facilities, privileges, and accommodations because of plaintiff's disability; (4) the Property contain specified architectural barriers—lack of accessible handicap parking spaces and lack of accessible door hardware —in violation of the ADA and (5) defendant had the means and ability to remove such barriers.³  Because plaintiff's allegations are taken as true following the entry of default, the court concludes that plaintiff has met his burden to state a prima facie Title III discrimination claim.

### b. Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). As expressly provided by statute, a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); see also Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-65 (2009). Here, because plaintiff's complaint properly alleges a prima facie claim under the ADA, plaintiff has also properly alleged facts supporting a claim under the Unruh Civil Rights Act.

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

### 3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D.

---

³ Plaintiff's allegation that, "upon information and belief, none of the guest rooms are fully accessible to wheelchair users," omits necessary facts and is insufficient to state a claim. Plaintiff alleges that he merely knocked on the door to the motel's business office, and nowhere suggests that he entered one of the rooms or had any way of knowing whether they were accessible to the disabled. Similarly, plaintiff's allegation that the service counter was inaccessible omits necessary facts, as plaintiff never alleges that he entered the business office or approached the counter or service area. The undersigned declines to assume that plaintiff could ascertain, from outside the building, that the motel's service counter was in violation of the ADA.

Cal. 2003). In this case, plaintiff seeks injunctive relief; statutory damages under the Unruh Civil Rights Act corresponding to three obstructed visits to the Property ($4,000.00 minimum statutory damages per visit, for a total of $12,000.00); and attorneys' fees and costs in the amount of $4,500.00. In total, plaintiff seeks a judgment in the amount of $16,500.00. Although the court more closely scrutinizes the requested statutory damages, attorneys' fees, and costs below, the court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment, particularly when reduced for the reasons discussed below. Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

4.  *Factor Five: The Possibility of a Dispute Concerning Material Facts*

The facts of this case are relatively straightforward, and the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

5.  *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendants' default was due to excusable neglect. Despite having been properly served with plaintiff's complaint, the request for entry of default, and the instant motion for default judgment, defendant failed to appear in the action. Moreover, defendant remained unresponsive after the entry of default against them, and after plaintiff filed the instant motion. Thus, the record suggests that defendant has not chosen not to defend itself in this action, and that the default did not result from excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

/////

/////

6. *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendants and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Because plaintiff satisfactorily alleged his ADA claim, the court recommends that plaintiff be granted injunctive relief, as described below, to remedy the architectural barriers at issue: lack of accessible handicap parking spaces and lack of accessible door hardware. Plaintiff also requests statutory damages in the amount of $12,000.00, which corresponds to three obstructed visits to the Property ($4,000.00 minimum statutory damages per visit). Although Cal. Civ. Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to increase the amount of potential statutory damages. In this case, plaintiff made no showing as to why he returned to the Property after his initial visit. For example, plaintiff did not allege that he returned after having received good faith assurances from defendant or its agents that the architectural barriers were removed. In light of that deficiency, the court recommends that plaintiff only be awarded minimum statutory damages corresponding to one visit, i.e., $4000.00.

1    Finally, plaintiff requests attorneys' fees and costs. The statutes at issue specifically contemplate the award of attorneys' fees and costs. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Thus, the only issue is whether the requested amount of attorneys' fees and costs ($3,620.00) is reasonable. Plaintiff requests $420.00 in filing fees and service costs, which are reasonable and should be awarded. (ECF No. 8-4 at 3.) Plaintiff further indicates that plaintiff's counsel, Mark Potter, attorney at the Center for Disability Access, who has been in practice for 25 years in the area of disability access law, spent 9.6 hours on this case, billing at an hourly rate of $425.00, for a lodestar amount of $4,080.00 in attorneys' fees. (Id. at 3-4.) Here, the number of hours spent on the case and Mr. Potter's billing rate appears reasonable. Adding $420.00 in costs, the total award for fees and costs is $4,500.00.

IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 8) be GRANTED IN PART.
2. Judgment be entered in plaintiff's favor and against defendant Prithviraj, LLC.
3. Plaintiff be awarded statutory damages in the amount of $4,000.00.
4. Plaintiff be awarded attorneys' fees and costs in the amount of $4,500.00.
5. Plaintiff be granted an injunction requiring defendants to provide readily achievable property alterations in the form of accessible handicap parking and accessible door hardware for the business office at Town House Motel, located at 1604 N. Wilson Way in Stockton, California, in compliance with the ADA and the ADA Accessibility Guidelines.
6. The Clerk of Court be directed to vacate all dates and close this case.

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve copies of this order and findings and recommendations on defendants by U.S. mail at their last-known addresses.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
2  shall be served on all parties and filed with the court within fourteen (14) days after service of the
3  objections. The parties are advised that failure to file objections within the specified time may
4  waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
5  Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

6  Dated: February 20, 2019

       CAROLYN K. DELANEY
       UNITED STATES MAGISTRATE JUDGE

13  2/johnson2305.default_fr